# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| HERBERT BAUMGARTEN, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-19-374 |
| | * | |
| SHERREE BELSKY, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Herbert Baumgarten initiated this defamation action in the Circuit Court for Baltimore City, Maryland. ECF No. 1-2. Following removal of the action to this Court by Defendant Sherree Belsky, Plaintiff filed a Motion to Remand, ECF No. 7, and Defendant filed a Motion to Amend Notice of Removal, ECF No. 9. No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Remand is denied and Defendant's Motion to Amend Notice of Removal is granted.

## I. BACKGROUND

Plaintiff filed his Complaint in state court on October 10, 2018, alleging that Defendant had posted defamatory statements about him on Facebook. ECF No. 1-2. The Complaint alleged that "[t]his is an action for damages in excess of Thirty Thousand ($30,000) Dollars…" *Id.* at ¶ 1. Before Defendant responded to the Complaint, Plaintiff served a Request for Production of Documents on Defendant on November 19, 2018. ECF No. 1-4.

On January 8, 2019, Defendant filed a Motion to Dismiss in state court. She claimed that Plaintiff had failed to comply with Maryland Court Rule 2-305, which requires a pleading to

1

state whether the plaintiff is seeking a judgment in excess of $75,000, and that he had failed to properly allege a cause of action for defamation. ECF No. 1-8. During a telephone conversation on January 9, 2019, Plaintiff's counsel informed Defendant's counsel that he intended to amend the Complaint to specifically allege damages exceeding $75,000. ECF No. 7 ¶ 6; ECF No. 8 at 7.[1] No amendment was filed.

On January 14, 2019, Defendant filed a Motion for a Protective Order, ECF No. 1-7, as well as a Motion to Quash a subpoena that Plaintiff had served on a third party, ECF No. 1-8. On January 21, 2019, Plaintiff filed his response to Defendant's Motion to Dismiss, in which he stated that he was seeking damages in excess of $75,000. ECF No. 7-1. On February 5, 2019, Defendant filed a reply brief in support of her Motion to Dismiss. ECF No. 1-10. Prior to filing, Defendant's counsel emailed Plaintiff's counsel a courtesy copy of the reply brief, to which Plaintiff's counsel responded, "What authority do you have for filing a reply memorandum?" ECF No. 11-1. That same day, Plaintiff filed a letter in the state court objecting to Defendant's reply brief on the basis that Maryland rules do not provide for the filing of a reply brief in support of a motion to dismiss. ECF No. 7-2.

Defendant filed her Notice of Removal in this Court on February 7, 2019, and she attached the documents that had been filed in state court up until that point. ECF No. 1. On March 11, 2019, Plaintiff filed a Motion to Remand. ECF No. 7. On March 20, 2019, Defendant filed an opposition to the Motion to Remand, ECF No. 8, and a Motion to Amend Notice of Removal to add documents that were filed in the state court but had not initially been filed with the Notice of Removal, ECF No. 9. Plaintiff filed a reply brief in support of his Motion to

---

[1] Plaintiff is a citizen of Maryland, and Defendant is a citizen of New York. ECF No. 1-2. These facts, along with an amount in controversy greater than $75,000, satisfy the requirements of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Remand on March 23, 2019, ECF No. 11, and a response to the Motion to Amend on March 26, 2019, ECF No. 12.

## II.    MOTION TO AMEND

When filing a notice of removal in federal court, a defendant must also provide "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Where a defendant fails to include a required document with the notice of removal, the district court has the authority to allow the defendant to correct the error where "the error causes no prejudice to any party, does not delay proceedings in the federal forum, and is easily curable by a defendant filing a supplement with the correct paperwork." *Rocha v. Brown & Gould, LLP*, 61 F. Supp. 3d 111, 114, 114 n.4 (D.D.C. 2014); *see also Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1219 (D. Kan. 2011) (stating that the court has the authority to grant the defendant an opportunity to cure minor defects in the notice of removal).

Defendant now seeks to amend the Notice of Removal to include Plaintiff's response to Defendant's Motion to Dismiss, which was originally omitted due to a clerical error, and Plaintiff's February 5, 2019 letter to the state court regarding the propriety of Defendant filing a reply brief, which was originally omitted because Defendant did not receive the letter until after she filed the Notice of Removal. ECF No. 9 at 2.[2] Defendant's failure to attach these documents was not prejudicial to Plaintiff, did not delay any proceedings in this Court, and is easily curable. Indeed, Plaintiff already filed these documents himself as attachments to his Motion to Remand, *see* ECF Nos. 7-1, 7-2, so Plaintiff clearly had access to them and the Court is now in a position to consider them. The Court will therefore grant Defendant's Motion to Amend.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

### III.     MOTION TO REMAND

If an action filed in state court is one in which a district court has original jurisdiction, that action may be removed by the defendant to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief…" 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, the first "paper" from which Defendant could ascertain that this case was removable was Plaintiff's January 21, 2019 Response to Plaintiff's Motion to Dismiss in which he stated that he was claiming damages in excess of $75,000. ECF No. 7-2 at 1. The thirty-day removal period therefore did not begin to run until January 21, 2019, *see* 28 U.S.C. § 1446(b)(3), meaning Defendant's February 5, 2019 Notice of Removal was timely.[3]

Plaintiff argues that the case should nonetheless be remanded to state court because Defendant waived her right to removal. ECF No. 7 at 4. The court disagrees. "After a case becomes removable, a party may waive its right to removal by demonstrating a clear and unequivocal intent to remain in state court." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d

---

[3] Plaintiff states that Defendant became aware that Plaintiff was seeking damages in excess of $75,000 on January 9, 2019, when Plaintiff's counsel advised Defendant's counsel of that fact over the phone. Plaintiff never filed an amended complaint or any other writing to reflect this fact until his response to the Motion to Dismiss, however, and the oral notification is not reflected in the record of the state court proceedings. Thus, the Court does not view the oral notification as the type of "other paper" that would trigger the thirty-day removal period.

4

57, 59 (4th Cir. 1991)) (internal quotations omitted). "A defendant demonstrates this intent by engaging in 'substantial defensive action' in state court before filing a notice of removal." *Id.* (quoting *Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998)). "[A] finding of waiver is appropriate only in extreme situations, when judicial economy, fairness, and comity demand it." *Id.* (citing *Grubb*, 935 F.2d at 59)) (internal quotations omitted); *see also Va. Beach Resort & Conference Ctr. Hotel Ass'n Condo. v. Certain Interested Underwriters at Lloyd's London*, 812 F. Supp. 2d 762, 764 (E.D. Va. 2011) (stating that district courts should find waiver "only in very limited circumstances").

Although "the line between what will constitute waiver of the right to remove and what will not is far from clear," Charles A. Wright & Arthur R. Miller, 14B Fed. Prac. & Proc. Juris. § 3721 (4th ed.), the Court concludes that Defendant's state court filings in this case did not demonstrate a "clear and unequivocal intent to remain in state court," *see Northrop Grumman*, 865 F.3d at 186, nor does this case present the sort of "extreme situation," *id.*, in which the Fourth Circuit has indicated that a waiver may be found. The only action that Defendant took in state court *after* the beginning of the thirty-day removal period on January 21, 2019 and before filing the Notice of Removal on February 7, 2019 was to file a reply brief in support of her Motion to Dismiss on February 5, 2019. The two-day turnaround between filing the reply brief in state court and filing the Notice of Removal in this Court does not signify the sort of unequivocal intent to remain in state court necessary to constitute a waiver of the right to remove. *See Curl v. Beltsville Adventist School*, GJH-15-3133, 2016 WL 4382686, at *5 (D. Md. Aug. 15, 2016) (finding that the defendant did not waive right to removal where only one day passed between the defendant filing a motion to dismiss in state court and filing a notice of removal in federal court).

Moreover, this case does not present a situation in which a defendant has waited to receive a decision on the merits of the case before attempting to remove to federal court. *See Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 542 (D. Md. 2012) ("Simply put, a finding of waiver tends to require 'some further action by the defendant [in the state court] that results in a decision [by that court] on the merits of the case.'"); *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D.V.A. 1991) (stating that "a defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court"). Indeed, the state court took no action in response to Defendant's reply brief or the Motion to Dismiss more generally, and Defendant received no indication from the state court as to how it viewed the merits of Plaintiff's Complaint. *See Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11CV182–HEH, 2011 WL 1790168, at *6 (E.D.V.A. May 9, 2011). Contrary to Plaintiff's argument, Plaintiff's counsel's questioning of Defendant's authority to file a reply brief in support of her Motion to Dismiss suggests nothing about how the *court* would view the merits of the case and therefore does not present the comity concerns associated with a defendant taking "'some further action … [in the state court] that results in a decision [by that court] on the merits of the case.'" *Trademark Remodeling*, 853 F. Supp. 2d at 542 (quoting *Sayre Enters., Inc. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736 (W.D.V.A. 2006)). In light of these considerations, and the fact that the Fourth Circuit has warned that waiver should only be found in "extreme situations" where the removing party clearly indicates a willingness to litigate the merits of the dispute in state court, the Court finds that Defendant's filing of a reply brief in support of her Motion to Dismiss did not waive her right to remove the case to federal court.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's Motion to Amend Notice of Removal is granted and Plaintiff's Motion to Remand is denied. A separate Order shall issue.

Date: <u>October 15, 2019</u>                                          <u>    /s/                                          </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge